IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-17-0082 |
| | § | |
| KEEBLE LAMONT LOVALL | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Keeble Lamont Lovall, a federal prisoner proceeding *pro se*, filed a motion for a reduction in sentence to time served and/or home confinement under the compassionate release provisions of 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 136.)

Having considered the motion, the record, matters of public record, and the applicable law, the Court DENIES the motion for the reasons explained below.

### *Background*

Defendant is a 48-year-old male prisoner currently confined at FCI Beaumont Low, a Federal Bureau of Prisons ("BOP") facility in Beaumont, Texas. He pleaded guilty before this Court to conspiracy to commit healthcare fraud, and was sentenced on May 2, 2019, to 63 month's confinement in the BOP followed by a three-year term of supervised release. The BOP currently reports defendant's anticipated release date as December 28, 2023.

Defendant contends that he is entitled to a compassionate release and/or home confinement due to chronic asthma. He requests that the Court grant his motion, reduce his sentence to time served, and/or release him to home confinement supervision.

### *Legal Standards*

Defendant brings his motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id*. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id*.

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, based

on terminal medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, Application Note 1. However, the Court's reference to the Guidelines is only one step in its own determination of whether extraordinary and compelling reasons warrant a reduction of defendant's sentence. The Court is free to determine whether defendant's particular medical condition constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, Appeal No. 19-50305 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court.").

A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case. Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

As provided in both section 3582(c)(1)(A) and the policy statement, a court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement also

recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction and defendant is found not to pose a risk of danger to the community, and it also finds that a sentence reduction is consistent with United States Sentence Commission policy statements.

### *Analysis*

*Exhaustion*

The Court finds that defendant has exhausted his administrative remedies and may pursue the instant motion. *See United States v. Franco*, Appeal No. 20-60473 (5th Cir. Sept. 3, 2020).

*Home Confinement*

The Court has no authority to release defendant to home confinement, as only the BOP may designate a prisoner's place of incarceration. 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993). Consequently, the Court cannot grant a defendant's request to serve the remainder of his sentence under home confinement. *See United States v. Chaney*, Appeal No. 20-60498 (5th Cir. Sept. 29, 2020).

*Extraordinary and Compelling Reasons*

Defendant argues that his chronic asthma constitutes extraordinary and compelling reasons for his release from prison. However, he submits no medical records or other probative evidence demonstrating the existence or severity of his asthma.

Moreover, FCI Beaumont Low currently reports having only three active cases of COVID-19 at the facility. *See* https://www.bop.gov/coronavirus/ (accessed on October 1, 2020). Even assuming defendant had established a qualifying medical vulnerability, current conditions at FCI Beaumont Low would not warrant his compassionate release.

Because defendant has not met his burden of proof for establishing extraordinary and compelling reasons for his release, the Court may not reduce his sentence to time served and order home confinement supervision. Consideration of the additional factors under 18 U.S.C. § 3553(a) is unnecessary under these circumstances.

### *Conclusion*

For the reasons set forth above, defendant's motion for compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 136) is DENIED.

Signed at Houston, Texas on October 1, 2020.

_____
Gray H. Miller
Senior United States District Judge